IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANPREET SINGH, <br> No. Axxxxx5068, <br><br>                 Petitioner, <br><br>    vs. <br><br> KIRSTEN NIELSEN, <br> Secretary, Dept. of Homeland Security, <br> JEFFERSON B. SESSIONS III, <br> Attorney General of the United States, <br> JOSE L. ZAMORA, <br> Director, Chicago Field Office, <br> MR. ACUFF, <br> Warden, Pulaski County Detention Center, <br><br>                 Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 19-cv-862-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Manpreet Singh is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant Petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 1, 2019 to challenge his continued detention. He initially filed the Petition with the United States Court of Appeals, Seventh Circuit, which transferred the action to this District. (Doc. 1-1). Singh claims that he has been detained in Immigration custody for more than 6 months. However, he states that his detention began on May 10, 2019 (Doc. 1, p. 3), which was less than 3 months before he filed his Petition.

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the

1

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Singh's claims, the Court concludes that the Petition survives preliminary review under Rule 4, and a response shall be ordered.

Singh asserts that after he entered the United States, he was initially detained pending a hearing before an Immigration Judge ("IJ") on his asylum claim and was then released on bond in January 2016. (Doc. 1, p. 3). His case was moved to New York, where, after a hearing, he was granted a work permit and social security number. *Id.* His case was set for final hearing on April 3, 2018, but a severe back injury prevented him from attending. The IJ then issued an order *in absentia* for Singh's removal from the United States. *Id.* Singh appealed the order and his appeal remains pending. During his current detention, Singh has never been provided with a bond hearing to determine whether his detention is justified based on danger or flight risk. *Id.*

Invoking *Demore v. Kim*, 538 U.S. 510, 523 (2003), and *Zadvydas v. Davis*, 533 U.S. 678 (2001), Singh asserts that his "prolonged" detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the Constitution and his right to bail under the Eighth Amendment. (Doc. 1, pp. 4-8). He requests an order releasing him from custody, or in the alternative, an order that he be released within 30 days unless Respondents provide him with a hearing before an Immigration Judge to consider whether his continued detention is justified and setting appropriate conditions of supervision and bond if he is to be released. (Doc. 1, pp. 2, 8).

Ordinarily, the only proper respondent in a habeas petition is the petitioner's immediate custodian – in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). However, in light of the relief

sought by Singh, the Court deems it appropriate to retain the additional named Respondents as parties to the action, at least at this early stage. In addition, Respondents Nielsen and Sessions no longer hold the positions of Secretary of the Department of Homeland Security and Attorney General. But because Singh has properly named all Respondents in their official capacity, the case shall proceed against the current holders of those offices. *See* FED. R. CIV. P. 25(d) (when a party sued in his/her official capacity ceases to hold office, "[t]he officer's successor is automatically substituted as a party.").

## Filing Fee

Petitioner Singh is still subject to the Court's Order at Doc. 2 requiring him to either submit the $5.00 filing fee for this action or a motion for leave to proceed *in forma pauperis* ("IFP") along with the required inmate trust fund statement on or before September 6, 2019. If Singh fails to timely comply with this Order, this case will be dismissed without prejudice for failure to prosecute. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that the Petition for writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondents shall answer the Petition within twenty (20) days of the date this order is entered (on or before **September 3, 2019**).[1] This order to respond does not preclude Respondents from making whatever waiver, exhaustion, or timeliness arguments they may wish to present to the Court. Service upon Acuff, Warden of the Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service on him as the immediate custodian.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send the letter constituting service, Petition, and this Order via registered or certified mail to the current Secretary of the United States Department of Homeland Security (in his/her official capacity); to the Attorney General of the United States (in his official capacity); and to Director of the Chicago Field Office of Immigrations & Customs Enforcement Jose L. Zamora (or his successor, in his/her official capacity).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the United States Immigration & Customs Enforcement.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 14, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**