# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANPREET SINGH, )<br>No. Axxxxx5068, )<br> )<br>              Petitioner, )<br> )<br>  vs. )<br> )<br>KIRSTEN NIELSEN, )<br>Secretary, Dept. of Homeland Security, )<br>JEFFERSON B. SESSIONS III, )<br>Attorney General of the United States, )<br>JOSE L. ZAMORA, )<br>Director, Chicago Field Office, )<br>and MR. ACUFF, )<br>Warden, Pulaski County Detention Center, )<br> )<br>              Respondents. ) | Case No. 19-cv-862-SMY |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Manpreet Singh filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention by Immigration and Customs Enforcement (ICE). Respondents filed a Response. (Doc. 11). Singh was granted time to file a reply (Doc. 12) but has not done so. On October 2, 2019, Respondents filed a Motion to Dismiss Petition as Moot (Doc. 13) on the basis that Singh has now been removed from the United States.

The instant Petition was filed on July 1, 2019. Singh sought release from ICE custody, claiming that he had been detained for more than 6 months, but also stating that his detention began on May 10, 2019. (Doc. 1, p. 3). He had been ordered removed from the United States and was pursuing an appeal of that order. *Id.*; (Doc. 11, p. 2). Respondents noted that the Board

1

of Immigration Appeals denied Singh's appeal on July 12, 2019.  He then cooperated with the efforts to obtain a travel document for his removal to India.  (Doc. 11, p. 3).

Respondents now inform the Court that Singh is no longer in their custody as he was released from detention and removed from the United States to India under escort of a U.S. Deportation Officer on September 20, 2019, rendering the Habeas Petition moot.  (Doc. 13, p. 1; Doc. 13-1).

A petition under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal.  *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001).  Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody."  The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition.  *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.  However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution.  That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  *Spencer*, 523 U.S. at 7 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief."  *Ibid.*  That is the situation here.  According to Respondents' Motion and Declaration of Deportation Officer, Singh has been removed to India.  Singh has thus received the relief he sought, *i.e.*, release from ICE custody.

For the foregoing reasons, Respondents' Motion to Dismiss (Doc. 13) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: October 3, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**